CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWIN MILLER, | ) | CASE NO. 7:15CV00634 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

    Edwin Miller, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. In his complaint, Miller alleges that officials at Red Onion State Prison wrongfully suspended him from his religious diet in November 2015 and denied him participation in a Ramadan fast, in violation of his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, et seq.. Defendants have filed a motion to dismiss the complaint, and Miller has responded. Among other reasons for dismissal, defendants assert that Miller does not state facts concerning the personal involvement of the defendants and each of the elements of his claims. Defendants also contend that Miller's claims for monetary damages must be dismissed. After review of the record, the court concludes that defendants' motion to dismiss the initial complaint based on the noted factual deficiencies must be granted, but without prejudice to Miller's submission of an amended complaint.

I.

    Miller's factual allegations in the complaint are sparse. He alleges that he is a Shia Muslim who received the Common Fare diet because of his religious beliefs. On November 12, 2014, Defendant Walrath—then-Assistant Warden at Red Onion—allegedly removed Miller

from the Common Fare diet without justification. Thereafter, Miller was served pork and beef on the same tray. It took several days for Miller's request for alternative meals to be processed, and even then, he was served meals as a non-Islamic inmate. Miller's grievance about the issue was ruled unfounded, and Defendant Ponton upheld that ruling on appeal. Miller does not state any facts about being denied Ramadan participation. As relief in the case, he seeks monetary damages for emotional injuries and injunctive relief "direct[ing] staff to comply with [his] Common Fare diet requirements." (Compl. 2, ECF No. 1.)

## II.

Some aspects of Miller's claims are simply not legally viable and must be dismissed on that ground, with prejudice. See Fed. R. Civ. P. 12(b)(6). First, Miller cannot recover monetary damages against defendants in their official capacity under RLUIPA or § 1983. See Sossamon v. Texas, 563 U.S. 277, 285-86 (2011) (finding no RLUIPA claim for damages against defendants in official capacity); Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989) (finding no recovery of monetary damages under § 1983 against state officials in official capacity). Second, Miller cannot recover monetary damages for RLUIPA claims against defendants in their individual capacities. See Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009) (finding no RLUIPA claim for damages available against defendants in individual capacity). Accordingly, as to these claims for damages, the court will grant the motion to dismiss with prejudice.

These same legal barriers do not prevent Miller from pursuing his First Amendment claims for damages under § 1983 against the defendants in their individual capacities, or his claims for injunctive relief under § 1983 and RLUIPA against appropriate officials in their

2

official capacities. Lovelace, 472 F.3d at 193-94. Therefore, the court will allow Miller to proceed with such claims in his amended complaint.[1]

III.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short, plain statement of the claim that gives the defendant fair notice of what the claim is and the facts upon which it rests. Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim for relief. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (citations, alteration, and quotations omitted). A motion to dismiss under Rule 12(b)(6) must be granted, however, when the complaint "does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations omitted and emphasis added).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Thus, to hold any of the named defendants liable under § 1983, Miller must affirmatively show how each defendant was personally involved in the alleged violations of his constitutional or statutory rights. See Garraghty v. Va. Dep't of Corr., 52 F.3d

---

[1] In response to an amended complaint that seeks monetary damages, defendants may pursue their defense that such claims are barred under 42 U.S.C. § 1997e(e), if warranted. Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Defendants' current motion, however, does not provide any controlling precedent for applying this section to bar all types of monetary recovery in a religious rights case.

3

1274, 1280 (4th Cir. 1995); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Moreover, in a § 1983 action, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Under the Free Exercise Clause of the First Amendment, prison officials must reasonably accommodate an inmate's exercise of his sincerely held religious beliefs. O'Lone v. Estate of Shabazz, 482 U.S. 342, 350 (1987). RLUIPA now provides federal statutory protection of state prisoners' religious exercise: "RLUIPA prohibits prisons from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that the burden furthers a compelling governmental interest by the least restrictive means." Miles v. Moore, 450 F. App'x 318, 319 (4th Cir. 2011) (citing 42 U.S.C. § 2000cc-1(a)).

A RLUIPA analysis proceeds in two steps. First, the inmate "bears the initial burden to demonstrate that the prison's policy exacts a substantial burden on religious exercise." Incumaa v. Stirling, 791 F.3d 517, 525 (4th Cir. 2015). For purposes of a RLUIPA claim, "a substantial burden on religious exercise occurs when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quoting Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 718 (1981)).

If the inmate proves a substantial burden, "the burden shifts to the government to prove its policy furthers a compelling governmental interest by the least restrictive means." Incumaa, 791 F.3d at 525. This is an exacting standard, but it is not applied without some measure of deference to the difficulties of prison administration. Holt v. Hobbs, __ U.S. __, 135 S. Ct. 853, 864 (2015). "Lawmakers supporting RLUIPA were mindful of the urgency of discipline, order,

4

safety, and security in penal institutions." Cutter v. Wilkinson, 544 U.S. 709, 723 (2005). Therefore, a court must conduct the RLUIPA inquiry with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id. (citations to legislative history documents omitted).

The "First Amendment affords less protection to inmates' free exercise rights than does RLUIPA." Lovelace, 472 F.3d at 199-200. Specifically, Miller's First Amendment right to practice his sincerely held religious beliefs, including dietary restrictions and celebratory fasting during Ramadan, "may be [lawfully] burdened upon a showing that the [challenged] restriction is reasonably related to legitimate penological interests." Hammer v. Keeling, No. 1:14CV8 JCC/MSN, 2015 WL 925880, at *4 (E.D. Va. Mar. 3, 2015) aff'd sub nom. Hammer v. Hobbs, 613 F. App'x 224 (4th Cir. 2015). See also Turner v. Safley, 482 U.S. 78, 89 (1987) (setting forth four-part standard for determining reasonableness of prison restrictions on inmates' constitutional rights).

IV.

Miller names the following prison officials as defendants: Virginia Department of Corrections ("VDOC") Director Harold Clarke, VDOC Regional Administrator Henry J. Ponton, former Red Onion Warden Randall Mathena, former Red Onion Assistant Warden John F. Walrath, and Red Onion officials T. Phillips, Walter G. Swiney, Deel, and Melissa Welch. As stated, in the complaint, Miller alleges that Walrath removed him from the Common Fare diet, that Ponton upheld a decision denying Miller's grievance as unfounded, and that Clarke allowed this diet removal to continue despite his grievances. Otherwise, the complaint is all but devoid of facts.

Documentation attached to the complaint offers some indication of the possible factual basis for Miller's claims, but the complaint itself fails to state such facts. Miller's response to the motion to dismiss and his purported motion for summary judgment also state some facts not included in the complaint, particularly regarding his Ramadan claim. A plaintiff cannot use a response to a defense motion or his own dispositive motion to correct deficiencies in a complaint challenged in the defense. See Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009) (noting that a plaintiff may not amend a complaint through argument in a brief opposing defense motion); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (same). Moreover, Miller's recent submissions, even if construed as motions to amend or supplement his complaint, do not satisfy the pleading requirements under Rule 12(b)(6).

The complaint itself must provide the necessary factual background and particular factual basis for the elements of the claims Miller wishes to pursue. Miller's submissions simply fail to do so. The complaint does not describe Miller's religious dietary beliefs or practices, what events and procedures led to his six-month removal from the Common Fare diet in November 2014, what particular diet he requested or received during his suspension and how it affected his religious practice, the procedural steps involved in his efforts to be reinstated to the Common Fare diet and to participate in Ramadan in 2015, and the reasons provided for denial of his reinstatement and Ramadan participation. Most importantly, the complaint does not state how each of the defendants was personally involved in violating Miller's religious rights under the First Amendment and RLUIPA.

Instead of providing a comprehensive, chronological statement of these critical facts, Miller seeks to build his complaint using primarily the bare legal elements of the First Amendment and RLUIPA standards. Without a sufficient statement of the factual basis for each

6

of those elements, however, the conclusory legal assertions do not satisfy the factual pleading standard under Rule 12(b)(6) as to any of the defendants he has named in the title or as to any claim for relief under § 1983 or RLUIPA.

For the reasons stated, the court concludes that defendants' motion to dismiss must be granted with prejudice as to certain claims, but without prejudice to Miller's filing an amended complaint as to claims for injunctive relief against appropriate defendants in their official capacities and for monetary damages under § 1983 and the First Amendment.

Finally, Miller's motion for summary judgment must be denied, as it fails to demonstrate "that there is no genuine dispute as to any material fact and [Miller] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movants. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In so doing, the court cannot find from the face of the pleadings that the prison restrictions applied to suspend Miller from the Common Fare diet and from Ramadan substantially burdened his sincere religious beliefs without furthering compelling penological interests by the least restrictive means. An appropriate order will issue this day.

V.

If Miller wishes to proceed with this lawsuit, his amended complaint must comply with the following requirements. (1) It must be one document, clearly titled as "Amended Complaint." (2) It must have chronologically numbered paragraphs from start to finish. (3) It must include a chronological "Statement of Facts," including but not limited to, the types of facts already discussed, particularly, the events and procedures surrounding Miller's suspension from the Common Fare diet and his attempts at reinstatement and Ramadan participation and the personal actions of each defendant. (4) The "Statement of Facts" shall not include any legal conclusions, general legal

7

statements, or legal citations to policy or constitutional provisions; it also shall not refer to any exhibits and shall not refer to efforts to exhaust or quote from what was written or said during the grievance procedure. (5) The amended complaint shall also include a "Statement of Claims," making a clear statement of the constitutional claims Miller wishes to bring against each defendant or set of defendants. Finally, (6) the amended complaint shall include a section stating the "Relief Requested." In short, the amended complaint must be a unified statement of the facts, the claims, and the relief requested.

The clerk will send a copy of this memorandum opinion and the accompanying order to the parties.

ENTER: This 9th day of May, 2016.

/s/ Jay Conrad
Chief United States District Judge