IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **EDWIN MILLER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00634 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Edwin Miller, Pro Se Plaintiff.*

The plaintiff, Edwin Miller, a Virginia inmate proceeding pro se, recently filed an Amended Complaint under 42 U.S.C. § 1983, alleging past violations of his constitutional and statutory rights to free exercise of his Shia Muslim religious dietary beliefs. Miller alleges, generally, that in November 2014, the defendants wrongfully removed him from his religious diet for six months and denied him participation in the annual Ramadan fast in 2015. He further alleges that meals provided to him in 2014 and 2015 violated his religious beliefs and caused him to have a heart attack. The defendants are currently scheduled to respond to the Amended Complaint by mid-August 2016. Now Miller has filed a "MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION," along with a proposed order granting such relief. After review of the record, I conclude that the motion must be denied.

In the current motion, Miller repeats all of the allegations from his Amended Complaint — about removal from his Shia Muslim diet in 2014, denial of Ramadan participation in 2015, and the 2015 heart attack, and the allegedly unsatisfactory responses from supervisory officials. Miller also adds some allegations. In November 2014, a K-9 officer allegedly allowed a dog to bite Miller for no reason. (Miller Decl. Ex. A, at 3-4, ECF No. 38-2.) Since Miller filed this lawsuit in November 2015, officers have allegedly harassed and threatened him, refused his requests for administrative remedy forms, and denied his application for a transfer to a lower security prison or for out-of-state placement, despite the fact that a known enemy of Miller's is currently incarcerated at Red Onion State Prison ("Red Onion"). (Miller Decl. Ex. A, ECF No. 38-2.) Miller asserts that officers took these adverse actions against him in retaliation for the lawsuit. He "fears" that without court intervention, the defendants will encourage their friends and relatives employed by the prison system to "threaten, harass, abuse author[it]y and set [him] up." (*Id.* at 10-11.) Miller states, "I truly believe" living at Red Onion or other prisons in the region "will put my life in danger." (*Id.* at 11.)

Based on these allegations, Miller seeks interlocutory injunctive relief enjoining the defendants and all other prison officials from: denying Miller's use of the grievance procedures, denying him good conduct time, denying him a

transfer, miscalculating his security level score, or coming within fifty feet of Miller or his personal property. (Mot., ECF No. 38-1.) Specifically, Miller seeks a transfer to a lower security level prison in the eastern region of Virginia or in New Jersey. (*Id.*)

I conclude that Miller has not alleged facts warranting the interlocutory injunctive relief he seeks. The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Miller's factual allegations do not meet these four required elements. As an initial matter, he presents no facts showing that any of the adverse actions of which he complains were motivated in any respect by his pending lawsuit. Such merely conclusory allegations of retaliation are not actionable under § 1983. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). Therefore, Miller does not show any

---

[1] Miller requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Miller is not entitled to a preliminary injunction, I find no basis upon which to grant him a temporary restraining order.

likelihood of success on a retaliation claim or any imminent, irreparable harm he is likely to suffer in the absence of court intervention.

Miller's allegations also do not meet the three other requirements for interlocutory relief. He does not describe any irreparable harm he is likely to suffer from merely being verbally threatened or harassed, from being denied administrative remedy forms, from retaining his current security classification or housing assignment, or from not being granted a transfer at this time. Miller has raised no claim in his Amended Complaint about the enemy inmate who is allegedly incarcerated at Red Onion, and his current motion does not describe any specific situation that has arisen, or is likely to occur, at Red Onion allowing his enemy to harm him in any way. Moreover, if such a risk exists, Miller does not indicate any attempt he has made to notify Red Onion officials or to seek protection. Finally, I cannot find that the balance of the equities or the public interest weigh in Miller's favor so as to warrant the court's interference in prison officials' discretionary administrative decisions regarding such matters as Miller's security level, his possible transfer, and his day-to-day activities.

For the stated reasons, I conclude that Miller has not made the necessary, four-factor showing that his situation warrants interlocutory relief. Therefore, I will deny his motion.

A separate Order will be entered herewith.

DATED: July 13, 2016

/s/  James P. Jones
United States District Judge